UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21430-CIV-ALTONAGA/Goodman

**ELISA M. KABELIS**, as Personal
Representative of the Estate of
**JOSEPH KABELIS**,

    Plaintiff,
v.

**NCL (BAHAMAS), LTD.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on the parties' Joint Motion for Enlargement of Time as to Pre-Trial Deadlines [ECF No. 34]. The parties request the Court modify the pre-trial deadlines contained in the June 16, 2020 Order Setting Trial ("Scheduling Order") for completing fact and expert discovery and for filing pre-trial motions by at least 30 to 45 days. (*See* Mot. 2–3). The Scheduling Order established a February 8, 2021 deadline for completing fact and expert discovery, following which pre-trial motions are due February 23, 2021. (*See* Sched. Order 2). Ample time.

Rather remarkably, and notwithstanding entry of the Scheduling Order over five months ago, "the parties agreed to hold off on discovery efforts for several months in an effort to resolve the case without the need for costly and prolonged litigation." (Mot. 2). It was only apparently when the case did not settle at mediation in November (*see* Final Mediation Report [ECF No. 33]), that the parties realized they had much discovery yet to complete and were unprepared to meet the Scheduling Order's relevant deadlines. Hence, the not unremarkable need for additional time and the present Motion.

District courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b) (alterations added). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order . . . and may be modified only on a showing of good cause[,]" *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (alterations added; quotation marks and citations omitted), "and with the judge's consent[,]" Fed. R. Civ. P. 16(b)(4) (alteration added). The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks and first citation omitted; citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end." (alterations added))).

The parties' agreement to modify the schedule is no substitute for compliance with Rule 16(b)(4)'s good cause standard. The deliberate decision to forego engaging in discovery and preparing experts, all with the goal of conserving costs of litigation, is the antithesis of diligence in meeting the Scheduling Order's deadlines. By their own admission, the parties did not make diligent use of the long period the Court provided for discovery. The Court is hard-pressed to conclude the parties acted diligently or have established good cause under Rule 16(b)(4) for the requested extension of the Scheduling Order's deadlines.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Enlargement of Time as to Pre-Trial Deadlines **[ECF No. 34]** is **DENIED**. Nevertheless, the parties are reminded the Scheduling Order permits them to extend the discovery deadline by agreement. (*See* Sched. Order 2 n.1).

CASE NO. 20-21430-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 1st day of December, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record